UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONNA GARFIELD,

                                                  Plaintiff,

v.                                               Civil Action No. _____

OCWEN LOAN SERVICING, LLC

                                                 Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Donna Garfield is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a mortgage loan debt with Litton Loan Servicing L.P . This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant Ocwen acquired the subject debt after Plaintiff's alleged default on the subject debt.

13. That in or about 2009, Plaintiff filed Chapter 13 Bankruptcy in the Western District of New York which included the alleged subject debt. During the pendency of the bankruptcy, the Defendant Ocwen acquired the mortgage. Through her bankruptcy plan, Plaintiff paid the arrears for the subject debt with monthly payments.

14. That in or about August of 2013, Plaintiff's bankruptcy was discharged through the Western District of New York District Court.

15. That after the discharge, Plaintiff was to pay $938.00 a month for her mortgage.

16. That Defendant never sent Plaintiff any statements for her Mortgage payments from July 2013 through February 2014.

17. That Plaintiff made a payment of 938.00 in November 2014 to the Defendant.

18. That in or about February of 2014, the Defendant demanded that Plaintiff pay $21,825.15 for the alleged subject debt or they would begin foreclosure proceedings.

19. That in or about February of 2014, Plaintiff obtained a copy of her Equifax credit report. Plaintiff discovered the Defendant was reporting the subject debt in the amount of $18,000. Defendant reported that Plaintiff still owed the amount which was included in her Chapter 13 bankruptcy.

20. That in or about March of 2014, Plaintiff disputed the reporting to Equifax. Correspondingly, Equifax investigated the tradeline for the subject debt with the Defendant. After the investigation, the Defendant reported the subject debt for a higher amount of $23,532.

21. That on or about March 17, 2014, Plaintiff received a bill from the Defendant for her monthly payment of $938.18 plus her current arrears payment of $6.672.34.

22. That on or about April 26, 2014, Plaintiff received a delinquency notice from the Defendant stating Plaintiff owed $22,684.36.

23. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by stating on various occasions that Plaintiff owes $21,825.15, $18,000.00, and $22,684.36 for the alleged subject debt, all of which are inaccurate figures with respect to the amount owed for the alleged subject debt.

    B. Defendant violated 15 U.S.C. §1692e(8), by communicating on Plaintiff's credit reports that the Plaintiff owes $23,532 for the alleged subject debt.

    C. Defendant violated 15 U.S.C. §1692e5 and 15 U.S.C. §1692e(10), by stating in February 2014, that the Plaintiff was in danger of losing her home.

    D. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning during conversations with the Plaintiff.

    E. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 31, 2014

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
   khiller@kennethhiller.com