UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA GARFIELD,<br><br>                        Plaintiff,<br><br>-against-<br><br><br>OCWEN LOAN SERVICING, LLC,<br><br>                        Defendant. | Civil Action No.: 6:14-cv-06440 |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**HOUSER & ALLISON, APC**

Gary N. Smith, Esq.
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(862) 902-4796
gsmith@houser-law.com

*Counsel for Ocwen Loan Servicing, LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................….ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

STANDARD OF REVIEW ................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.    Plaintiff's Claims Based on a Violation of the Bankruptcy
        Code's Automatic Stay Do Not Give Rise to an Independent
        Cause of Action Under The FDCPA…..……………………………………………..3

CONCLUSION...................................................................................................................... 7

# **TABLE OF AUTHORITIES**

## **Cases**

*Allen v. WestPoint–Pepperell, Inc.*,

   945 F.2d 40 (2d Cir. 1991) .................................................................................................. 3

*Ashcroft v. Iqbal*,

   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................................. 2, 3

*Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*,

   1999 WL 284788 (N.D.Ill. Apr. 26, 1999) ....................................................................... 5,7

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................................................... 2,3

*Burchalewski v. Wolpoff & Abramson, LLP*,

   No. 06-CV-443S, 2008 WL 4238933 (W.D.N.Y. Sep. 8, 2008) ................................... 4,5,6,7

*Compare Walls v. Wells Fargo Bank, N.A.*,

   276 F.3d 502 (9th Cir. 2002) ............................................................................................ 5,6

*Degrosiellier v. Solomon & Solomon, P.C.*,

   2001 WL 1217181 (N.D.N.Y. Sep.27, 2001) ...................................................................... 5

*Diamante v. Solomon & Solomon, P.C.*,

   2001 WL 1217226 (N.D.N.Y. Sept.18, 2001) ..................................................................... 5

*Frazier v. Coughlin*,

   850 F.2d 129 (2d Cir. 1988) ................................................................................................ 3

*Gray–Mapp v. Sherman*,

   100 F.Supp.2d 810 (N.D.Ill. 1999) .................................................................................. 5,7

*Necci v. Universal Fidelity Corp.*,

   297 B.R. 376 (E.D.N.Y. 2003) ....................................................................................... 4,5,6,7

*Peeples v. Blatt*,

   2001 WL 921731 (N.D.Ill. Aug. 15, 2001) ............................................................................ 5

*Randolph v. IMBS, Inc.*,

   288 B.R. 524 (N.D.Ill. 2003) .................................................................................................. 7

*Simmons v. Roundup Funding, LLC*,

   622 F.3d 93 (2d Cir. 2010) ..................................................................................................... 4

*Wagner v. Ocwen Fed. Bank, FSB*,

   No. 99 C 5404, 2000 WL 1382222 (N.D.Ill. Aug. 28, 2000) .............................................. 5,6

*Wehrheim v. Secrest*,

   2002 WL 31242783 (S.D.Ind. Aug.16, 2002) .................................................................... 5,6

## **Statutes**

11 U.S.C. § 105(a) ........................................................................................................................ 4

11 U.S.C. § 524(a)(2) ................................................................................................................. 3,4

15 U.S.C. § 1692 et seq. ............................................................................................................... 1

PRELIMINARY STATEMENT

Plaintiff Donna Garfield's ("Plaintiff") Complaint, based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), is an improper attempt to evade the bankruptcy code.  Plaintiff alleges that Defendant Ocwen Loan Servicing, LLC ("Ocwen") pursued a debt that was previously discharged in bankruptcy and in doing so violated the FDCPA.  But allegations stemming from efforts to collect debts discharged in bankruptcy are, in fact, claims for violations of the bankruptcy code's automatic stay.  The venue for these claims lies in the Bankruptcy Court, and the relief is articulated in the bankruptcy code.  As this Court and courts throughout the country have held, there is no independent cause of action under the FDCPA for an alleged violation of a bankruptcy stay.  Therefore, the Court should dismiss Plaintiff's Complaint.

STATEMENT OF FACTS

Plaintiff's four page Complaint alleges that Ocwen violated the FDCPA for allegedly collecting the debt related to her mortgage.  *See* Plaintiff's Complaint ("Compl.") at ¶¶ 2-9.  According to the Complaint, Plaintiff entered into a mortgage loan agreement with Litton Loan Servicing L.P. (the "Loan") that eventually went into default.  *Id.* at ¶¶ 9-11.  In or about 2009, Plaintiff filed for Chapter 13 Bankruptcy -- the Loan was included as part of Plaintiff's debt.  *Id.* at ¶13. While Plaintiff's bankruptcy was pending, Ocwen became the servicer of the Loan.  *Id.*

Plaintiff alleges that, during the bankruptcy she paid the arrears on the Loan.  *Id.*  In August, 2013, the Western District of New York discharged Plaintiff from her bankruptcy and Plaintiff was to pay $938.00 a month on the Loan.  *Id.* at ¶¶ 14-15.  Despite the fact that her

bankruptcy plan required her to make monthly payments of $938.00 to Ocwen, Plaintiff concedes that she only made one such payment, in November 2014. *Id.* at ¶ 17.

Plaintiff's cause of action seems to arise from her allegations that in February, 2014, Ocwen requested that Plaintiff pay $21,825.15 on the Loan, and that a debt of $18,000 -- which included the amount reported on her bankruptcy petition -- was reported to Equifax and was on her credit report. *Id.* at ¶¶ 18-19. Her Complaint then goes on to allege that after an Equifax investigation, Ocwen report the debt at $23,532.00. *Id.* at ¶ 20. Plaintiff then allegedly received a bill from Ocwen for her monthly payment of $938.18 plus her arrears payment of $6,672.34 and, eventually, a delinquency notice stating that she owed $22,684.36. *Id.* at ¶¶ 21-22.

Even if the Court accepts these conclusory allegations as true, Plaintiff fails to state a cause of action under the FDCPA because Plaintiff's claims are precluded by the bankruptcy code. Therefore, the Court should dismiss the Complaint in its entirety.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 127 S.Ct. at 1974. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1955 (internal quotation marks and citation

omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted).

In analyzing a 12(b)(6) motion, "the factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff." *Frazier v. Coughlin,* 850 F.2d 129, 129 (2d Cir. 1988). In *Iqbal*, the Supreme Court provided a two-prong approach for determining which claims should be dismissed. *Iqbal*, 129 S.Ct. at 1950. First, the court should identify "pleadings, that, because they are no more than conclusions are not entitled to the assumption of truth." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." In making determinations of plausibility, a court's "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). Here, Plaintiff's Complaint fails because, on its face, the Complaint has not alleged a valid cause of action under the FDCPA.

ARGUMENT

I. Plaintiff's Claims Based on a Violation of the Bankruptcy Code's Automatic Stay Do Not Give Rise to an Independent Cause of Action Under The FDCPA.

Plaintiff's attempt to bring an action under the FDCPA is improper -- Plaintiff's exclusive avenue for relief for her allegations that Ocwen pursued the collection of a debt that was discharged in bankruptcy is to bring an action in the Bankruptcy Court of the Western District of New York for a violation of the automatic stay. *See* 11 U.S.C. § 524(a)(2) ("Section 524"). Section 524(a)(2) provides that a bankruptcy discharge "operates as an injunction against

3

the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" *Id.* "The remedy provided by the bankruptcy code for a violation of the stay is a motion for contempt pursuant to section 105 of the bankruptcy code." *Necci v. Universal Fidelity Corp.*, 297 B.R. 376, 379 (E.D.N.Y. 2003) (citing 11 U.S.C. § 105(a)).

"New York District Courts have generally concluded that there is *not* an independent cause of action under the FDCPA for the violation of a bankruptcy stay, and that such claims are precluded by the Bankruptcy Code." *Burchalewski v. Wolpoff & Abramson, LLP*, No. 06-CV-443S, 2008 WL 4238933, at *2 (W.D.N.Y. Sep. 8, 2008) (emphasis in original) (citing *Necci*, 297 B.R. at 379-8). Similarly, the Second Circuit has reasoned, that although "[t]he FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors[,] [t]here is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself against abusive creditors." *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010). Therefore, Plaintiff's allegations that Ocwen attempted to collect an amount that was included in her bankruptcy discharge cannot spawn an FDCPA claim.

In *Burchalewski*, the plaintiff alleged that she incurred consumer debt from the defendant department store -- a debt on which she defaulted on it in March, 2005. *Id.* at *1. Thereafter, in April, 2005, the plaintiff filed for bankruptcy. The defendant law firm then proceeded to collect the debt by filing a lawsuit on behalf of the department store. *Id.* The plaintiff brought suit against both the department store and collection attorneys claiming, among other things, that the "[d]efendants violated the FDCPA by attempting to collect a debt that was stayed and eventually

discharged in bankruptcy[.]" *Id.* Following Courts in the Ninth Circuit and Eastern District of New York, Judge Skretny dismissed the claims predicated on the violations of the bankruptcy code. *Id.* at *2. Judge Skretny held that "permitting an independent cause of action under the FDCPA 'would circumvent the remedial scheme of the [Bankruptcy] Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.'" *Id.* (quoting *Compare Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002)).

In *Necci*, the plaintiff incurred a debt from the purchase of a car which eventually became delinquent. *Necci*, 297 B.R. at 377. The plaintiff filed bankruptcy and the debt was discharged on June 12, 2000. *Id.* In October of 2001, after the discharge, the defendant sought to collect the debt by sending a collection letter to the plaintiff. *Id.* Shortly after receipt of the collection letter, the plaintiff brought suit under the FDCPA and the defendant moved to dismiss. *Id.* at 377-78. The defendant's chief argument was that the proper forum for bringing an action alleging the collection of a debt discharged in bankruptcy is the bankruptcy court, not in the District Court via the FDCPA. *Id.* at 378.

The *Necci* Court followed the majority view[1] that the FDCPA is not available in cases based on alleged violations of the bankruptcy code.[2] *Id.* at 379-81. The Court, citing *Walls*,

---

[1] As examples of cases in the majority view, the Court cited: *Walls*, 276 F.3d 502; *Wehrheim v. Secrest*, 2002 WL 31242783 (S.D.Ind. Aug.16, 2002); *Degrosiellier v. Solomon & Solomon, P.C.*, 2001 WL 1217181 (N.D.N.Y. Sep.27, 2001); *Diamante v. Solomon & Solomon, P.C.*, 2001 WL 1217226 (N.D.N.Y. Sept.18, 2001); *Gray–Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D.Ill. 1999); *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788 (N.D.Ill. Apr. 26, 1999).

[2] The minority view lies in the Northern District of Illinois. *Necci*, 297 B.R. at 379 (citing *Peeples v. Blatt*, No. 2001 WL 921731 (N.D.Ill. Aug. 15, 2001) (finding no preclusion); *Wagner*

stated that Section 524 provides its own relief for collecting a debt discharged in bankruptcy. *Id.* at 379-80. Moreover, a discharge "operates as an injunction 'against, *inter alia*, the commencement or continuation of an action to collect any such debt[]" and "Section 105 gives the bankruptcy court the power to issue '. . . any order, process or judgment that is necessary or appropriate to carry out the provisions' of the code." *Id.* (quoting *Walls*, 276 F.3d at 506). "[I]f the plaintiff were allowed to pursue her FDCPA claim based on a violation of Section 524, the court would have to decide whether the debt at issue had been discharged in bankruptcy[,]" which would require the district court to decide bankruptcy questions best left to the bankruptcy court. *Id.* at 380 (citing *Wehreim*, 2002 WL 31242783, at *8). Accordingly, *Necci* held that, because Section 524 provides for a specific remedy for violations of the stay, and because allowing a FDCPA action would circumvent the remedial scheme of Section 524, "the bankruptcy code precludes claims under the FDCPA when those claims are based upon violations of the bankruptcy stay." *Id.* at 381.

      Here, Plaintiff's Complaint stems from allegations that Ocwen attempted to collect a debt that was discharged in bankruptcy. *See* Compl. at ¶¶ 9-22. Plaintiff concedes that her 2009 bankruptcy "included the alleged subject debt." *Id.* at ¶ 13. Plaintiff was discharged from bankruptcy in August, 2013. *Id.* at ¶ 14. After the discharge, while still under the protection of Section 524, Plaintiff alleges that Ocwen attempted to collect on a debt which was included in the bankruptcy. *Id.* at ¶¶ 18-22. Like in *Burchalewski* and *Necci*, Plaintiff attempts to sidestep

---

*v. Ocwen Fed. Bank, FSB*, No. 99 C 5404, 2000 WL 1382222 (N.D.Ill. Aug. 28, 2000) (same)). However, the *Necci* Court points out that there is even disagreement in that district as "[a]t least three cases there have sided with the majority view and held that an FDCPA claim based upon a

the remedies immediately available to her under the bankruptcy code, and instead, she seeks relief under the FDCPA. But Plaintiff does not have an independent cause of action for the alleged violation of the FDCPA. *See Burchalewski*, 2008 WL 4238933, at *2, *Necci*, 297 B.R. at 381. Her claims are precluded by the bankruptcy code and her remedies rest with the Bankruptcy Court. *Id.* Since Plaintiff does not have valid cause of action under the FDCPA, the Court should dismiss Plaintiff's Complaint in its entirety.

## CONCLUSION

Based upon the foregoing, Ocwen respectfully requests that the Court grant its motion to dismiss and grant such other and further relief as it deems just and proper.

**HOUSER & ALLISON, APC**

s/ Gary N. Smith
Gary N. Smith, Esq.
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(862) 902-4796
gsmith@houser-law.com

*Counsel for Defendant*
*Ocwen Loan Servicing, LLC*

---

violation of Section 524 may not go forward." *Id.* at 381 (citing *Randolph v. IMBS, Inc.*, 288 B.R. 524, 525 (N.D.Ill. 2003); *Gray–Mapp*, 100 F.Supp.2d 810; *Baldwin*, 1999 WL 284788).