UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA GARFIELD,

                         Plaintiff,

      v.

OCWEN LOAN SERVICING, LLC

                         Defendant.
_____

<u>DECISION & ORDER</u>

14-CV-6440W

On July 31, 2014, plaintiff Donna Garfield ("Garfield") filed this lawsuit against Ocwen Loan Servicing, LLC ("Ocwen") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Docket # 1). On January 19, 2018, Kenneth R. Hiller, Garfield's counsel, filed a suggestion of death of Garfield pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Docket # 33). Currently pending before this Court is a motion by Garfield seeking to have Shonta Legree ("Legree"), Garfield's only child, substituted as the representative of Garfield, who died on July 28, 2016. (Docket ## 34-1 at 2; 34-3 at ¶ 2). In support of the motion, Legree has submitted an affidavit and a redacted copy of Garfield's death certificate. (Docket # 34-3).

Legree asserts that Garfield, who was married to Herbert Butler ("Butler") at the time of her death, died intestate. (Docket # 34-3 at ¶¶ 3-4). According to Legree, she does not know Butler's whereabouts or even whether he is alive. (*Id.* at ¶ 3). Legree intends to file a petition with the Monroe County Surrogate's Court to be appointed as the administrator of Garfield's estate, but admits she does not know when she will be appointed as administrator. (*Id.* at ¶ 6). Nevertheless, Legree maintains that it would be "in everyone's interest" for her to be

substituted as the representative for Garfield and for this action to proceed "expeditiously." (*Id.* at ¶ 7).

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). On the record before me, where Legree's appointment as administrator of Garfield's estate is not assured, I decline to substitute Legree as Garfield's representative at this time.

Garfield is granted an extension of time under Rule 6(b) of the Federal Rules of Civil Procedure to renew her motion for substitution of party after a representative of Garfield's estate is appointed on the condition that Legree file her application for appointment as administrator of Garfield's estate within thirty (30) days of this Order. Thereafter, any renewed motion for substitution must be filed within thirty (30) days of the appointment of a representative and must be supported by documentation that the proposed party for substitution is a lawfully designated representative.

Not later than ten (10) days following entry of an Order substituting a proper party, the parties are directed to confer and submit to this Court a joint proposed amended scheduling order.

For the foregoing reasons, Garfield's motion for substitution (**Docket # 34**) is **DENIED without prejudice**, and the oral argument currently scheduled for February 27, 2018, at 2:00 p.m. is cancelled.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        February 23, 2018